**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Vicki Vernise Williford, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 8:26-cv-00110-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Estes, Kevin Hinson, Paula Heriot Elm, | ) | |
| Eddie Whicker, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Vicki Vernise Williford, a *pro se* litigant proceeding *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 against employees of the South Carolina Department of Motor Vehicles ("DMV"). (ECF Nos. 1, 8). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for pretrial handling. Now before the court is the magistrate judge's detailed and thorough Report and Recommendation ("Report"), (ECF No. 9), recommending the court dismiss this action without issuance and service of process and without further leave to amend.

The Report thoroughly summarizes the allegations and claims raised in Plaintiff's complaint, (ECF No. 9 at 1–3), and Plaintiff does not object to this general summary. Accordingly, the court need not recount the facts at length and adopts the magistrate judge's factual recitation herein. According to the complaint, Plaintiff's claims arise from "repeated and inconsistent actions by the [DMV] regarding Plaintiff's driver's license, fee assessments, payment records, and suspensions." (ECF No. 1-1 at 2). Plaintiff asserts she has made substantial payments, but the DMV continued to reinstate fees and add suspensions and has failed to issue receipts and provide a proper accounting. *Id.* Plaintiff alleges that between 2016 and 2025, she paid approximately $1,500 in cash towards reinstatement and suspension-related fees. *Id.* She contends that at certain

times, her DMV record showed no outstanding fees, but then new fees were added without explanation and without new violations. *Id*.

As noted by the magistrate judge, Plaintiff asserts claims under 42 U.S.C. § 1983 for (1) "due process violations under the Fourteenth Amendment," (2) "denial of meaningful hearing and neutral tribunal," (3) "unlawful seizure of property in violation of the Fourteenth Amendment," (4) "denial of access to the courts," (5) "continued enforcement after notice (deliberate indifference)," (6) "systematic policy, practice, or custom," and (7) "damages." (ECF Nos. 9 at 3; 1-1 at 3–4) (internal quotation marks omitted). Plaintiff seeks (1) declaratory relief finding Defendants violated her constitutional right of due process, (2) injunctive relief requiring Defendants to correct her driver's license status and cease unlawful enforcement actions, (3) compensatory damages for financial losses, emotional distress, and other harms, (4) punitive damages, and (5) costs. (ECF Nos. 9 at 3; 1-1 at 5).

## Report

The magistrate judge concluded that this action is subject to dismissal without issuance and service of process and without leave to amend. (ECF No. 9). The magistrate judge indicated that Plaintiff previously filed a similar suit against many of the same defendants last year. *See Williford v. Doe*, C/A No. 6:25-cv-08714-TMC. In that case, this court adopted a report and recommendation issued by the magistrate judge determining that Plaintiff failed to state a claim for relief against several defendants, including three of the defendants in this action, for which relief could be granted and claims against some of those defendants were time-barred; Plaintiff failed to state a claim under *Monell v. Department of Social Services* ("Monell")[1]; the DMV was

---

[1] *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978).

immune from suit under the Eleventh Amendment; *Heck v. Humphrey* ("*Heck*")[2] barred any claims to the extent Plaintiff was attempting to recover damages as a result of previous arrests, detentions or imprisonments; the *Rooker-Feldman* doctrine ("*Rooker-Feldman*")[3] precludes review of any final determinations by the state court; and *Younger v. Harris* ("*Younger*")[4] precludes review of any pending traffic citations. *Williford v. John Doe*, No. 6:25-CV-08714-TMC, 2025 WL 3765028, at *3 (D.S.C. Dec. 30, 2025). In the Report, the magistrate judge noted that although this action is not an exact duplicate of the prior action, it "arises from the same operative facts and fails to state a claim for many of the same reasons." (ECF No. 9 at 4).

Here, the magistrate judge concluded that Defendants should be dismissed because Plaintiff's "bare allegations are insufficient to establish a cognizable constitutional claim[,]" noting "it is unclear in what capacity Defendants were involved in Plaintiff's alleged constitutional deprivations other than to have interacted with Plaintiff at unspecified times[,]" and noting that Plaintiff has not shown a causal connection or affirmative link between the officials and any conduct Plaintiff points to. *Id*. at 7–9. The magistrate judge also found "Plaintiff has failed to allege facts establishing a claim for supervisory liability[.]" *Id*. The magistrate judge noted that to the extent Plaintiff is naming the DMV as a defendant, the DMV "is entitled to summary dismissal because it is immune from suit under the Eleventh Amendment[.]" *Id*. at 9–10. With respect to any claim brought pursuant to *Monell*, the magistrate judge found such a claim fails because Plaintiff has not identified any municipality subject to suit in this action, Plaintiff fails to identify a policy or custom of any municipality with caused her federal rights to be violated, and Plaintiff

---

[2] *Heck v. Humphrey*, 512 U.S. 477 (1994).
[3] *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).
[4] *Younger v. Harris*, 401 U.S. 37 (1971).

has not established a constitutional violation as to her claims against any individual defendant. (ECF No. 9 at 18–20).

The magistrate judge further found Plaintiff failed to state a due process claim because "South Carolina provides post-suspension remedies that comport with the requirements for procedural due process" and "Plaintiff has not alleged facts showing that she attempted to comply with [such remedies], nor has she alleged facts indicating the existing state remedies are inadequate." *Id*. at 11–12. Finally, the magistrate judge concluded that any claims related to incidents prior to 2023 are "barred by the three-year statute of limitations applicable to such claims[,]" any challenge to the issuance of previous traffic tickets is barred by *Heck*, any challenge to state court judgments is barred by *Rooker-Feldman*, and any challenge to pending state court proceedings are barred by *Younger*. (ECF No. 9 at 12–18).

### Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and

4

conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing her pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

**Discussion**

Plaintiff filed timely objections to the Report. (ECF No. 15). She enumerates six specific objections. First, Plaintiff objects to the Report arguing "it improperly relies on pleadings that have been superseded" by a Second Amendment Complaint. *Id*. at 1. However, Plaintiff never filed an amended complaint nor a second amended complaint in this action. As such, the magistrate judge properly considered Plaintiff's original complaint, and the court overrules this objection.

Second, Plaintiff objects to the Report contending the Eleventh Amendment does not bar her claims. *Id*. Plaintiff argues she "does not seek damages against the [DMV] or any state agency. Damages are sought solely against individual defendants in their individual capacities, and official-capacity claims are limited to prospective injunctive and declaratory relief [so] Eleventh Amendment immunity does not apply." *Id*. The court agrees that certain demands for prospective injunctive relief are not barred by the Eleventh Amendment. *See Bradley v. N. Carolina Dep't of Transp., Div. of Motor Vehicles*, 286 F. Supp. 2d 697, 702 (W.D.N.C. 2003) (stating "suits for prospective injunctive relief, including reinstatement, from ongoing violations of federal law fall within an exception to the general rule and are not barred by the Eleventh Amendment")

However, the magistrate judge also noted dismissal was appropriate as to all Defendants because Plaintiff has failed to state a due process claim under the Fourteenth Amendment. (ECF No. 9 at 10–12). The magistrate judge acknowledged that "a driver's license may not be taken away without affording a licensee procedural due process," and "[a]t bottom, procedural due process requires fair notice of impending state action and an opportunity to be heard." *Id.* (internal quotations and citations omitted); *Scott v. Williams*, 924 F.2d 56, 58 (4th Cir. 1991); *Snider Int'l Corp v. Town of Forest Heights*, 739 F.3d 140, 146 (4th Cir. 2014). However, the magistrate judge

concluded that South Carolina provides post-suspension remedies, such as the ability to request an administrative hearing pursuant to section 56-1-370 of the South Carolina Code Annotated, and "Plaintiff has not alleged facts showing that she attempted to comply with the post-suspension remedies under these statutes, nor has she alleged facts indicating the existing state remedies are inadequate." (ECF No. 9 at 11–12). Plaintiff objects to the magistrate judge's recommendation regarding her failure to exhaust, noting "[t]he Second Amended Complaint alleges repeated attempts to obtain administrative review, agency refusal to act, and procedural dead ends, establishing exhaustion or futility at the pleading stage." (ECF No. 15). However, as previously indicated, Plaintiff never filed any amended complaint in this action. The exhibits attached to her complaint indicate she emailed Defendant Elm regarding her DMV records, and Defendant Elm provided Plaintiff with a list of requirements that must be completed before driving privileges were restored and instructed Plaintiff on what steps to take to obtain copies of tickets and suspension letters. (ECF No. 1-1 at 31–33). Plaintiff has not, however, alleged that she submitted the required form and the accompanying fee to obtain such documents. Plaintiff makes a conclusory allegation in her attachments to her complaint that she was not provided access to the administrative appeals procedures or a meaningful opportunity to be heard, (ECF No. 1-3 at 9), but, Plaintiff has not alleged that she requested an administrative hearing with the Division of Motor Vehicles, which conducts contested case hearings arising from determinations made by the DMV. *See* S.C. Code Ann. § 56-1-10 (indicating the "Office of Motor Vehicle Hearings has exclusive jurisdiction to conduct all contested case hearings or administrative hearings arising from [DMV] actions"); § 56-1-370 (providing that a licensee may request an administrative hearing following notice of suspension). Because Plaintiff has not availed herself of the due process provided by state law,

7

the court agrees she has failed to state a due process claim.  As such, Plaintiff's objection related to exhaustion is overruled.

Plaintiff's third and fifth objections indicate *Heck*, *Rooker-Feldman*, and *Younger* do not apply.  (ECF No. 15 at 1).  Plaintiff argues she does not challenge any state court conviction, seek appellate review of state court judgments, or interfere with any pending state court proceeding.  *Id*. The magistrate judge, however, merely concluded that to the extent Plaintiff's claims could be construed as doing those things, the aforementioned doctrines would preclude this court's review. (ECF No. 9 at 13–18).  For example, Plaintiff seeks to "correct her driver's license status and cease unlawful enforcement actions[,]" (ECF No. 1-1 at 5), relief which would impact prior and pending state decisions.  Accordingly, these objections are overruled.

Finally, Plaintiff argues the magistrate judge erroneously found that amendment would be futile.  (ECF No. 15 at 2–3).  Plaintiff contends she has already prepared a cured amended pleading that directly addresses the deficiencies identified by the magistrate judge, and she contends she should be granted leave to file the cured amended pleadings. *Id*.  However, Plaintiff has not pointed to any additional allegations or facts that would change the analysis and avoid dismissal.  Plaintiff points to facts and documents already considered by the magistrate judge, who correctly found that Plaintiff's "bare allegations are insufficient to establish a cognizable constitutional claim." (ECF No. 9 at 7).  Plaintiff has not highlighted any error in the Report's finding that she has not alleged a "casual connection or affirmative link . . . between the conduct of which [Plaintiff] complains and the official sued."[5]  *Id*. at 8.  Furthermore, as previously indicated, this action arises from the same operative facts against many of the same defendants as Plaintiff's previous action.

---

[5] For the same reason, to the extent this objection can be construed as objecting to that determination made by the magistrate judge, such objection is overruled.

In that action, Plaintiff was given the opportunity to correct deficiencies, and she filed an amended complaint, a second amended complaint, and a third amended complaint. Despite numerous opportunities to amend, that action was dismissed. Based on the record and the facts and arguments before the court, the court agrees that any amendment would likewise be futile. As such, this objection is overruled.

Plaintiff's objections do not address the magistrate judge's conclusion that summary dismissal is appropriate as to any (1) claim against Defendants for supervisory liability, (2) *Monell* claim, and/or (3) claims related to incidents prior to 2023. Nevertheless, the court has reviewed those findings and adopts them herein.[6]

### Conclusion

Having conducted a *de novo* review of the Report and the record, the court agrees with and **ADOPTS** the magistrate judge's analysis, findings, and recommendations set forth in the Report, (ECF No. 9), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** without prejudice, without issuance and service of process, and without further leave to amend.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
May 11, 2026

---

[6] The court has carefully considered Plaintiff's additional filing, which was docketed as a Motion to Supplement Record and Notice of Ongoing Harm. (ECF No. 13). Plaintiff indicates that there is an ongoing state matter, and the DMV has imposed an additional license suspension. *Id*. Plaintiff contends she does "not submit this Motion to re-litigate the merits of any state proceeding at this time" but to "advise the Court of continuing constitutional injury." *Id*. The court has considered this motion and its contents. As such, the motion is **GRANTED**. However, the court has determined that nothing in this motion changes the court's analysis or conclusion that summary dismissal is appropriate.

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.